IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED TECHNOLOGIES CORPORATION, PRATT & WHITNEY DIVISION**<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>**UNITED STATES DEPARTMENT OF DEFENSE, et al.**<br><br>　　　　　　Defendants. | Civil Action Number: 05-2271 (RWR) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS**
<u>**WHICH ARE NOT IN GENUINE DISPUTE**</u>

Pursuant to LCvR 7(h) and in support of Defendant's Motion for Summary Judgment, Defendant respectfully submits this statement of material facts as to which there are no genuine disputes.

1. Defense Contract Management Agency (DCMA) is the Department of Defense (DoD) Component that works directly with Defense contractors to ensure that DoD, Federal, and allied government supplies and services are delivered on time, at projected cost, and meet all contractual performance requirements. Defendants Exhibit 1, Declaration of Steven Bogusz ¶ 2; (Hereinafter DEX # ¶)

2. DCMA East (DCMAE) is a component of the DCMA. DEX 1 ¶ 2, Compl ¶ 4.

3. DCMAE maintains resident offices at the facilities of a number of large Defense contractors. One such resident office is located at United Technologies, Pratt & Whitney Division, in East

Hartford, Connecticut (hereinafter "P&W").  DEX 1 ¶ 3.

4. Plaintiff is a large defense contractor producing aircraft engines and spare parts for military and civilian aircraft.  Compl ¶ 6.

5. Plaintiff contracts with defendant Department of Defense to supply military aircraft engines, spare parts and associated services.  Compl ¶ 10.

6. Many of the contracts between plaintiff and defendant are for supplies at a fixed price.  The contracts contain Federal Acquisition Regulation (FAR) Clause 52.246-2, Inspection of Supplies –Fixed Price, 48 C.F.R. § 52.246-2.  Paragraph (b) of the clause requires the contractor to maintain an inspection system that is acceptable to the Government and gives the Government the right to perform reviews and evaluations necessary to ascertain compliance with the requirements of paragraph (b).  Paragraph (b) states:

> (b) The Contractor shall provide and maintain an inspection system acceptable to the Government covering supplies under this contract and shall tender to the Government for acceptance only supplies that have been inspected in accordance with the inspection system and have been found by the Contractor to be in conformity with contract requirements.  As part of the system, the Contractor shall prepare records evidencing all inspections made under the system and the outcome.  These records shall be kept complete and made available to the Government during contract performance and for as long afterwards as the contract requires.  The Government may perform reviews and evaluations as reasonably necessary to ascertain compliance with this paragraph.  These reviews and evaluations shall be conducted in a manner that will not unduly delay the contract work.  The right of review, whether exercised or not, does not relieve the Contractor of the obligations under this contract.

DEX 1 ¶ 11; 48 C.F.R. § 52.246-2.

7. Pursuant to its contract authority, DCMA conducted audits of plaintiff's quality systems in

July, September, and November 2004. Administrative Record page 15 (AR 15).

8. Prior to each audit, DCMA notified plaintiff of the pending audits. With respect to the July 2004 audit of P&W's Weld Wire procedures, the Commander of the DCMA Office located at P&W, Lieutenant Colonel (LTC) Peter Leahy, notified P&W Senior Vice President, Larry Moore, Quality Manager, Michael Pcholinski, and Vice President of Quality, Eileen Drake, of the upcoming audit in an email dated June 16, 2004. Decl. of Peter Leahy, ¶ 2 (DEX 2). With regard to the September 2004 audit of P&W's Manufacturing Fixture Control Procedures, LTC Leahy notified Larry Moore of an upcoming audit in an email dated August 30, 2004. DEX 2, ¶ 2. As to the November audit of P&W's Engine Center, Acting DCMA P&W Commander, Michael Klem, provided advance verbal notification on October 28, 2004, to P&W Quality Managers, Mark Allen and Michael Pcholinski. Decl. of Michael Klem ¶ 2 (DEX 3).

9. On December 15, 2004, DCMAE received a FOIA request from the Hartford Courant seeking the following documents related to DCMA audits of the quality system at P&W:

    a. A report on the findings of a DCMA audit at P&W Engine Center in Middletown, Connecticut, on November 8 through November 10, 2004.

    b. The Level III Corrective Action Request directed to P&W following that audit.

    c. Any other correspondence, reports, or documents connected with this audit.

AR 2.

10. Responsive documents totaling 352 pages and falling into the following six categories were identified: (1) A November 2004 Report of the Audit of P&W's Engine Center in Middletown,

3

Connecticut and DCMA internal correspondence regarding the audit; (2) Reports of Audits conducted in July and September of 2004 of P&W's Weld Wire and Manufacturing Fixture Control processes; (3) Digital photographs taken by DCMA personnel during the performance of the November 2004 Engine Center Audit; (4) A November 2004 briefing prepared by DCMA to inform P&W management of the results of the Engine Center Audit; (5) Two December 8, 2004 Level III Corrective Action Request letters issued by DCMA to P&W senior management and DCMA email correspondence distributing the Corrective Action Requests to Government personnel; and (6) Correspondence from Pratt & Whitney to DCMA regarding the Engine Center Audit and the Level III Corrective Action Request letters. DEX 1 ¶ 6.

11. On January 28, 2005, the DCMA Office of Counsel located in Hartford, Connecticut sent the documents to P&W for review pursuant to Executive Order 12600 and DoD FOIA Regulation 5400.7-R, C5.2.8. P&W was given 30 calendar days to present any objections concerning the release of the documents.

12. In February of 2005, P&W Office of Counsel verbally requested and was granted an extension to file its response until March 24, 2005. DEX 1 ¶ 8.

13. P&W responded by letter dated March 24, 2005, contending that the information contained in the responsive documents was exempt from disclosure pursuant to FOIA Exemption 4, 5 U.S.C. § 552(b)(4). DEX 1 ¶ 9; AR 5-116.

14. By letter dated October 12, 2005, DCMA notified P&W of its decision to release to the Hartford Courant, on October 26, 2005, portions of the responsive documents and attached a set of documents incorporating all proposed redactions. In that letter, DCMA determined that the information contained in the reports of the November 2004 Engine Center Audit and related DCMA correspondence, the September 2004 Manufacturing Fixture Control Audit, and the July 2004 Weld Wire Audit, were not voluntarily provided to the Government by P&W but rather were required to be provided by the terms of P&W's contracts with the Government. DCMA concluded that release of the same information would not impair the Government's ability to obtain from P&W (or any other contractors) essential information about their quality systems in the future. DCMA further concluded that, with the exception of actual P&W quality system provisions which would be redacted, the release of the documents would not likely result in substantial competitive harm to P&W. With regard to the Level III Corrective Action Request (CAR) letters issued by DCMA on December 8, 2004 and related e-mail correspondence transmitting the CAR letters within the Government, DCMA determined that their release would neither result in impairment of the Government or substantial competitive harm to P&W. DEX 1 ¶ 18; AR 117-118.

15. In that same letter, DCMA agreed that two categories of responsive documents were exempt. The exempt categories were 1) the digital photographs taken by DCMA personnel during the performance of audits at P&W's manufacturing facility; and (2) P&W's written responses to DCMA's December 8, 2004, Corrective Action Requests. DEX 1 ¶ 18; AR 117-118.

16. DCMA also agreed with P&W that release of any portions of the documents that quoted or described in detail P&W's quality control or manufacturing processes or procedures would likely result in substantial competitive harm to P&W. For that reason, DCMAE redacted those portions of the documents. DEX 1 ¶ 18; AR 117-118.

17. On or about October 19, 2005, P&W requested and was given an extension to file suit from October 26 to November 23, 2005. DEX 1 ¶ 19

18. By letter dated November 14, 2005, P&W, through Counsel Robert Huffman of Miller & Chevalier, requested reconsideration of the October 12, 2005 decision. The arguments made by P&W in support of its request for reconsideration were virtually the same arguments that P&W made in its submission of March 24, 2005. P&W asked DCMAE to make the following findings: (1) that the captions to the photographs in the DCMA Briefing to P&W were exempt from disclosure for the same reason that the photographs were determined by me to be exempt; (2) that the information in the Engine Center Audit Report and other Audit Reports, the Level III Corrective Action Request, and the related DCMA e-mails was voluntarily obtained from P&W and was therefore exempt from disclosure; (3) that release of the information contained in the Audit Reports, the Level III Corrective Action Request, and the related e-mails would impair DCMA's ability to obtain necessary information from P&W and other DoD contractors in the future and was therefore exempt from disclosure; and (4) that the information contained in the Audit Reports, the Level III Corrective Action Request, and the related e-mails was also exempt because its disclosure was likely to cause P&W substantial competitive harm. DEX 1 ¶ 20; AR

230-252.

19.  DCMA reviewed plaintiff's November 14, 2005 request for reconsideration and concluded that it did not provide any additional information to warrant a change to the decision of October 12, 2005, to release the specified documents as redacted.  DEX 1 ¶ 21 AR 253-255.

20.  By letter of November 21, 2005, DCMA responded to Counsel for plaintiff and reiterated the decision rendered in the letter of October 12, 2005 and informed P&W that they must file suit by November 23, 2005 to prevent the release of the records. DEX 1 ¶ 21 AR 253-255.

           Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C.  20530
202-353-9895  / FAX 202-514-8780