IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED TECHNOLOGIES CORPORATION, PRATT & WHITNEY DIVISION, Plaintiff, v. UNITED STATES DEPARTMENT OF DEFENSE, et al. Defendants. | ) | Civil Action Number: 05-2271 (RWR) |

**PLAINTIFF'S MOTION TO STRIKE EXTRA-RECORD MATERIALS SUBMITTED BY DEFENDANT TO PROVIDE A RATIONALE AND/OR SUPPORTING EVIDENCE FOR THE AGENCY'S DECISION**

Plaintiff United Technologies Corporation, Pratt & Whitney Division ("P&W") respectfully moves the Court to strike certain materials that Defendant filed along with its motion for summary judgment to provide a rationale and/or supporting evidence for the agency's decision to release the information at issue in this action. These materials are: (1) paragraphs 11-13, 15, 17 and 22-27 of the Declaration of Stephen T. Bogusz; (2) the attachments to the Bogusz Declaration; (3) the Declaration of Peter C. Leahy and the attachments thereto; and (4) the Declaration of Michael J. Klem. P&W moves to strike these materials on the grounds that they are not part of the Administrative Record and that they therefore may not properly be considered in determining the reasonableness of the agency's decision. The grounds for this

motion are more fully set forth in the accompanying Memorandum of Points and Authorities In Support of Plaintiff's Motion to Strike.

Pursuant to Local Civil Rule 7(m), counsel for P&W has discussed with counsel for Defendant whether Defendant will oppose this motion. Counsel for Defendant has advised counsel for P&W that Defendant opposes the motion.

Respectfully submitted,

/s/ Robert K. Huffman
ROBERT K. HUFFMAN (D.C. BAR NO. 219915)
EMMETT B. LEWIS (D.C. BAR NO. 308627)
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W.
Suite 900
Washington, D.C. 20005-5701
(202) 626-5824
(202) 628-0858 facsimile

Attorneys for Plaintiff
United Technologies Corporation,
Pratt & Whitney Division

*Of Counsel*:

LESTER K. KATAHARA (D.C. BAR NO. 367691)
PRATT & WHITNEY MILITARY ENGINES
400 Main Street M/S182-30
East Hartford, CT 06108
(860) 565-5416
(860) 755-5878 (facsimile)

LEAH E. FRAZIER (D.C. BAR NO. 492540)
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W.
Suite 900
Washington, D.C. 20005-5701
(202) 626-6086
(202) 628-0858 facsimile

Dated:   April 24, 2005

<YiF>607173.1</YiF>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED TECHNOLOGIES CORPORATION, PRATT & WHITNEY DIVISION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE, et al.<br><br>Defendants. | Civil Action Number: 05-2271 (RWR) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE EXTRA-RECORD MATERIALS SUBMITTED BY DEFENDANT TO PROVIDE A RATIONALE AND/OR SUPPORTING EVIDENCE FOR THE AGENCY'S DECISION**

Plaintiff United Technologies Corporation, Pratt & Whitney Division ("P&W") respectfully submits this memorandum of points and authorities in support of its motion to strike extra-record materials submitted by Defendant to provide a rationale and/or supporting evidence for the agency's decision to release the information at issue in this case.

## STATEMENT OF FACTS

The action is a "reverse" FOIA lawsuit in which P&W challenges the decision of the Defense Contract Management Agency-East ("DCMA" or "agency") to release certain information that it obtained from P&W during the course of certain DCMA quality audits of P&W facilities. P&W filed its Complaint on November 23, 2005, and on February 10, 2006, the Department of Justice filed with the Court the Administrative Record compiled by the agency.

The Department of Justice also moved for summary judgment on the grounds that the agency had acted reasonably in determining that the information at issue was not exempt from disclosure under FOIA. The Department asserted that "[t]his Court's review of the [agency's] release decision . . . is limited to the Administrative Record in this case." Memorandum of Points and Authorities In Support of Defendant's Motion For Summary Judgment ("Def. Mem.") at 2. However, notwithstanding its assertion that the Court must limit its review to the Administrative Record, the Department filed with its summary judgment brief three declarations that were not part of the Administrative Record and attached documents to two of those declarations that were not part of the Administrative Record.

The Department's summary judgment brief cites portions of the extra-record declarations and attachments as providing a rationale and/or supporting evidence for the agency's decision to release the information at issue. For example, the Department's brief cites paragraph 15 of the Declaration of Steven Bogusz and the May 21 Memorandum of Robert Schmidt attached thereto[1] as providing a rationale for the agency's determination that release of the information at issue would not significantly impair the agency's ability to obtain necessary information from P&W and other DOD contractors in the future. Def. Mem. at 12-13. Similarly, the Department's brief cites paragraphs 24-25 of Mr. Bogusz's Declaration, the P&W quality procedure attached thereto, the Declaration of Peter C. Leahy and the attachments thereto, and the Declaration of Michael J. Klem as providing a rationale and/or supporting evidence for the agency's determination that P&W was required by its DOD contracts to submit to unscheduled DCMA quality audits (or that DCMA gave the required notice for such audits) and that the

---

1 On April 24, 2006, the Department filed an "Errata" in this case stating that it had inadvertently failed to include Mr. Schmidt's Memorandum when it filed the Bogusz Declaration on February 10, 2006. The Errata attached a copy of the Memorandum for filing.

information obtained from P&W during those audits was therefore required to be submitted by P&W. Def. Mem. at 8-10.

## ARGUMENT

### THE COURT SHOULD STRIKE THE DECLARATIONS AND OTHER EXTRA-RECORD DOCUMENTS TO THE EXTENT THEY PURPORT TO PROVIDE A RATIONALE OR SUPPORTING EVIDENCE FOR THE AGENCY'S DECISION

In an Administrative Procedure Act case such as this, the Court must confine its review to the administrative record compiled by the agency rather than "some new record" completed upon judicial review. *Environ. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 284 (D.C. Cir. 1981). *See also Beverly Enters. v. Herman*, 130 F. Supp. 2d 1, 7 (D.D.C. 2000) ("the court must limit its review to the administrative record"). The Department of Justice itself asserts that "[t]his Court's review of the [agency's] release decision in response to this FOIA request is limited to the Administrative Record in this case," and further asserts that "the Administrative Record demonstrated that the [agency's] decision is supported by the applicable law." Def. Mem. at 2, 4.

Despite acknowledging that the Court's review is limited to the Administrative Record, the Department submitted declarations and attachments that are not in the Administrative Record and relied upon these documents (or portions thereof) to provide a rationale and/or supporting evidence for the agency's determination that the information at issue was not exempt from disclosure. Def. Mem. at 8-10, 12-13. The Department did not offer any explanation or basis for its reliance on these extra-record materials, and there is none. While courts may consider evidence outside the administrative record where the subject matter is highly technical or the record is unclear, these exceptions "should not be construed to swallow the rule that extrinsic evidence is generally inadmissible . . . ." *Corel Corp. v. United States*, 165 F. Supp.2d 12, 31

(D.D.C. 2001). Consideration of extrinsic evidence that provides post-hoc rationalizations of decisions would swallow the rule. *AT&T Information Systems v. GSA*, 810 F.2d 1233, 1234 (D.C. Cir. 1987). This especially holds true when the extrinsic evidence is "argumentative as opposed to explanatory." *Corel Corp.*, 165 F. Supp. 2d at 31.

**CONCLUSION**

For the foregoing reasons, the Court should grant P&W's Motion to Strike.

Respectfully submitted,

/s/ Robert K. Huffman

ROBERT K. HUFFMAN (D.C. BAR NO. 219915)
EMMETT B. LEWIS (D.C. BAR NO. 308627)
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W.
Suite 900
Washington, D.C. 20005-5701
(202) 626-5824
(202) 628-0858 facsimile

Attorneys for Plaintiff
United Technologies Corporation,
Pratt & Whitney Division

*Of Counsel*:

LESTER K. KATAHARA (D.C. BAR NO. 367691)
PRATT & WHITNEY MILITARY ENGINES
400 Main Street M/S182-30
East Hartford, CT 06108
(860) 565-5416
(860) 755-5878 (facsimile)

LEAH E. FRAZIER (D.C. BAR NO. 492540)
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W.
Suite 900
Washington, D.C. 20005-5701
(202) 626-6086
(202) 628-0858 facsimile

Dated: April 24, 2006